## FUNDERBURK v. STACEY.

No. 12461—Opinion Filed Sept. 23, 1924.

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Contract Not Within Statute of Frauds.**

Where the plaintiff's petition charges that in March, 1916, he was the owner and in possession of certain personal property, and at about that date he turned the property over to the defendant upon an alleged oral promise and agreement to return the property or pay its value, and a return is demanded and not complied with, and the suit is for the value of the property, and the defendant presents his defense that his promise and agreement was to guarantee the performance of the contract of another and not his own original agreement and not in writing, and therefore cannot be legally bound by his promise, and the issues are fairly submitted to the jury and a verdict is returned for plaintiff, the verdict of the jury is in effect a finding that the promise so made was the original undertaking of the defendant, and the judgment based upon the verdict will not be set aside on appeal if there is any competent evidence in the record reasonably tending to support the verdict and judgment.

2. **Same—Excessiveness of Recovery—Interest on Damages.**

Where, in such a case, the evidence tends to show that the property was turned over to the defendant early in the year 1916, and plaintiff prays judgment for the value of the property and interest at 6 per cent. per annum from and after the 1st of January, 1917, and the jury fixes the value of the property at $1,000 with 6 per cent. inferest, and judgment is rendered on the verdict for such amount, with interest as prayed for in the petition, the judgment will not

be held on appeal to be excessive because it provides for interest at 6 per cent. per annum from and after January 1, 1917.

3. **Same—Judgment Sustained.**

Record examined, and held, that the contentions of the parties were fairly submitted to the jury, and that the verdict for plaintiff is reasonably supported by the evidence; and held, that the judgment based upon such verdict should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by P. J. Stacey against W. T. Funderburk, for the value of certain property converted by defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

Billups & Tisinger, for plaintiff in error.

A. R. Garrett, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant below, and the defendant in error was plaintiff below, and will be designated herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff commenced this action against the defendant by filing his petition in the district court of Greer county on the 21st day of May, 1918. By his petition he seeks to recover the value of certain property turned over to the defendant with the alleged understanding that the property would be returned or the value paid. He alleges, in substance and effect, that on about March, 1916, he was the owner and in possession of certain personal property of the value of $1,750, which property consisted of a lot of oil field equipment located on the farm of Charles Lowe, and was intending to move it away, and the defendant entered into an oral agreement with plaintiff that he would become personally responsible for the property and would either return it or pay its value, and that upon such understanding the property was left with the defendant; that the plaintiff requested the return of the property, and the request had not been complied with, nor the property paid for. The property is described as 322 feet of 8 inch pipe; 216 feet of 6 inch pipe; engine; generator electric light plant; dies; taps; box tools; steel blocks; 350 feet five-eights inch cable; three chains; steam gauge; injector throttle valve; jack screws, and steel bars. Plaintiff prays judgment for the sum of $1,750, with interest at 6 per cent. per annum from and after January 1, 1917.

The defendant answered by general denial, and by special plea of the statute of frauds

as contained in section 941, Rev. Laws 1910 (sec. 5034, Comp. Stat. 1921), which declares void "an agreement that by its terms is not to be performed within a year from the making thereof," and "a special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty," unless in writing:

The case was tried to a jury on the 15th of January, 1921, resulting in a verdict for $1,000, with interest at six per cent. per annum, and judgment for plaintiff was entered thereon in the sum of $1,000, with interest at six per cent. per annum from and after January 1, 1917. The defendant prosecutes appeal and the cause is here regularly for review.

The errors assigned are argued under two propositions:

(1) "The pleadings and evidence in this cause show that plaintiff's cause of action is based on an unenforceable oral contract of guaranty."

(2) "The judgment rendered in this case, based on the verdict of the jury, bears interest at 6 per cent. per annum from January 1, 1917, without any evidence to support it, and therefore is excessive."

The contention made by the defendant is to the effect that the testimony establishes that the plaintiff had loaned his property to the Granite Oil & Development Company, and the property had never been returned to plaintiff's possession, so that, when the defendant Funderburk agreed to return the property or pay for it, he was doing no more than guaranteeing that the company would return the property or pay for it. And, since the defendant was promising the performance of an obligation of another, he could not legally be held for the reason that his promise was not in writing. The record presented does not bear out this contention. The plaintiff alleged that he was in possession of the property, and his testimony tends to show that he was employed by the Granite Oil & Development Company to drill on a certain lease owned by the company, and that he placed his property on the lease so that the company got the benefit of the use of his property, and that later on the company discharged him and he was intending to and arranging to remove the property from the lease when Mr. Funderburk agreed that if the plaintiff would leave his property on the lease that he (Funderburk) would be personally responsible for it and return it to plaintiff or pay the value of it. Thus the proof tends to support the allegation of the petition that plaintiff was in possession,

and the oral promise and undertaking of Funderburk was an original undertaking upon his own part, and not a promise to see that the undertaking of another was performed. This was the theory upon which the plaintiff tried his case in the trial court, the theory upon which it was submitted to the jury and a verdict returned for plaintiff, and the evidence reasonably supports the verdict. There is no complaint made that the law of the case was not properly submitted to the jury. Under the pleadings, the evidence adduced, and the instructions given by the court, the verdict for plaintiff was, in effect, a finding by the jury that the promise and agreement made by Funderburk was his own original undertaking, and upon such promise and agreement plaintiff left his property upon the lease in Funderburk's care, and it was not returned upon request of plaintiff, nor paid for by Funderburk. The agreement made by defendant as found by the jury does not fall within the first nor second subdivisions of the statute of frauds (section 5034, Comp. Stat. 1921, section 941, Rev. Laws 1910) as was pleaded by the answer. It does not fall within the first subdivision of the statute because the agreement was wholly executed upon the one side, that is, plaintiff surrendered possession of his property upon the promise made by Funderburk to return it or pay for it. It does not fall within the second subdivision for the reason that the promise and agreement of Funderburk was an original undertaking upon his part, or at least the jury so found, and the evidence reasonably supports the finding.

It is contended that the judgment is excessive in that plaintiff was allowed a judgment for interest at six per cent. per annum from and after January 1, 1917, when, as it contended, plaintiff would be entitled to interest at the rate fixed only from and after the date of the judgment. This contention is not supported by either the evidence or the law. The evidence tended to show that the property was turned over to defendant sometime in the year 1916, and the evidence tended to show and the jury found the value of the property at the time it was left with defendant to be $1,000. Plaintiff testified that the value of the property at the time defendant took possession of it under his agreement, was $1,750; and it is not contended that the jury were not warranted by the evidence in concluding that the property was worth $1,000 at the time it was turned over to defendant.

Section 5972, Comp. Stat. 1921 (section 2848 Rev. Laws 1910), provides:

"Interest upon damages—Any person who

is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

In this case the defendant had the alternative of returning the property or of paying its value as of the date when he received it. The property was not returned. If the property was of the value of $1,000 at the time defendant received it, and he could have discharged his obligation by a return of the property and failed so to do, he cannot be heard to complain that the judgment is excessive because he is required to pay six per cent. per annum on the value thereof for several months less than he had retained the property. The judgment cannot be held excessive for that reason, and it is not claimed that the judgment is otherwise excessive.

We have examined the entire record and have concluded that the cause was fairly tried and properly submitted to the jury. The verdict of the jury and judgment of the trial court are reasonably supported by the evidence and should be upheld.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.